WILLIAM DAVENPORT V. G. W. CHILTON AND J. C. CHAMP.

In a suit to enforce the vendors' lien on certain town lots, their designation by the evidence as " one-half of lot number three," is not sufficient ; but the description " all of lot number four, in block seventeen, in the town of Tyler," is sufficient to warrant a verdict and decree to enforce such lien.

APPEAL from Smith. Tried below before the Hon. R. A. Reeves.

This was a suit brought by the appellant against the appellees on a promissory note executed by the defendant Champ to the plaintiff, reciting on its face that it was given " in consideration of part of the purchase money for one-half lot No. 3, (three,) and all of lot No. 4, (four,) in block No. 17, (seventeen,) in the town of Tyler." Chilton was sued as a subsequent purchaser in the lots from Champ.

On the trial the plaintiff read in evidence the note, and offered no other testimony to further identify or describe the lots. The material portion of the charge of the court is recited in the opinion. Verdict in favor of the plaintiff for the amount of the note and interest, but not subjecting the lots to its payment, and judgment accordingly against Champ alone for the money, and in favor of Chilton for his costs.

The appellant assigns as error that the court erred in the charge given to the jury.

*B. T. Selman,* for the appellant.

Zembrod v. The State.

*J. F. Warren,* for the appellee Chilton.

Roberts, J.—The only description of the land upon which the vendors' lien was sought to be enforced, is that which is found in the note made a part of the petition, which represents it to be "the tracts or parcels of land, viz: one-half of lot No. 3, and all of lot No. 4, in block No. 17, in the town of Tyler."

. The court charged the jury that " the recitals in the note are not sufficient, without further evidence, to entitle the plaintiff to enforce the vendor's lien," &c. This was certainly correct as to one of the tracts or parcels of land designated as "one-half of lot No. 3." What half of the lot is not indicated, and, therefore, the description was not sufficiently certain. To enforce the vendors' lien, the particular land sought to be acted upon must be identified. Lot No. 4, however, was sufficiently identified; and as it was described a separate parcel or tract, the lien might have been enforced as to that lot, though it failed as to the half of lot No. 3. The charge failed to make this discrimination, and in this it was erroneous.

The judgment must be reversed and the cause remanded.

Reversed and remanded.